IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A.,<br>KONINKLIJKE KPN N.V., and<br>ORANGE S.A.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HTC CORPORATION,<br><br>                    Defendant. | C.A. No. 17-83-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |
| 3G LICENSING, S.A.,<br>KONINKLIJKE KPN N.V., and<br>ORANGE S.A.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LENOVO HOLDING CO., INC., LENOVO<br>(UNITED STATES) INC., and MOTOROLA<br>MOBILITY LLC,<br><br>                    Defendants. | C.A. No. 17-84-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |
| 3G LICENSING, S.A.,<br>KONINKLIJKE KPN N.V., and<br>ORANGE S.A.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LG ELECTRONICS INC. and LG<br>ELECTRONICS, U.S.A., INC.,<br><br>                    Defendants. | C.A. No. 17-85-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL STAY
PENDING RESOLUTION OF *INTER PARTES* REVIEW**

OF COUNSEL:
Yar R. Chaikovsky
Philip Ou
Bruce Yen
Radhesh Devendran
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, CA 94304
(650) 320-1800


OF COUNSEL:
Steven D. Moore
KILPATRICK TOWNSEND AND STOCKTON
Two Embarcadero Center Suite 1900
San Francisco, CA 94111
(415 )576-0200

Taylor Higgins Ludlam
KILPATRICK TOWNSEND AND STOCKTON
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
(919) 420-1700

Russell A. Korn
Richard W. Goldstucker
Courtney S. Dabbiere
KILPATRICK TOWNSEND AND STOCKTON
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant HTC Corporation*

Jack B. Blumenfeld (No. 1014)
Stephen J. Kraftschik (No. 5623)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com
*Attorneys for Defendants Lenovo Holding Co.,*
*Inc., Lenovo (United States) Inc., and*
*Motorola Mobility LLC*

OF COUNSEL:
Peter H. Kang
Ashish Nagdev
Jinyung Lee
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
(650) 565-7000

Ryan M. Sandrock
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200

Dated: March 1, 2019

Rodger D. Smith (No. 3778)
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9205
rsmith@mnat.com
*Attorneys for Defendants LG Electronics Inc.*
*and LG Electronics U.S.A., Inc*

## TABLE OF CONTENTS

Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.     BACKGROUND ................................................................................................................ 2

    A.   Nature and stage of the proceedings ......................................................................... 2

    B.   Relation between the Plaintiff entities ....................................................................... 3

    C.   The subject matter of the Patents-in-Suit ................................................................. 4

    D.   The only '667 Patent asserted claim ......................................................................... 5

    E.   Invalidity of the KPN Patents ................................................................................... 5

        1.   The '662 Patent .............................................................................................. 5

        2.   The '667 Patent .............................................................................................. 5

III.    LEGAL STANDARD ....................................................................................................... 6

IV.     ARGUMENT ..................................................................................................................... 7

    A.   A stay pending IPR will simplify issues for trial ...................................................... 8

        1.   Invalidation of the '667 Patent will remove Plaintiff KPN and its only remaining patent and asserted claim from these cases ..................... 8

        2.   An IPR stay will simplify the cases ............................................................... 9

    B.   The stage of litigation favors a stay ......................................................................... 11

    C.   A stay will not create undue prejudice for Plaintiffs or a clear tactical advantage for Defendants ......................................................................................... 12

        1.   The '667 IPR Petition was timely ................................................................. 12

        2.   Defendants timely moved for stay ............................................................... 13

        3.   The status of the IPR proceedings favors a stay ......................................... 14

        4.   The relationship of the Parties does not create undue prejudice .............. 14

        5.   Denying the stay would prejudice Defendants ........................................... 15

V.      CONCLUSION ................................................................................................................ 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
   C.A. No. 15-595, 2016 WL 6594083 (D. Del. Nov. 7, 2016) (Stark, J.).............7, 9, 10, 11, 12

*Belden Techs. Inc., v. Superior Essex Comm'n*,
   C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) .........................................13

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*,
   C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014)...............................10, 15

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
   C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015).......................10, 11, 15

*Contour IP Holding, LLC v. GoPro, Inc.*,
   C.A. No. 15-1108, 2016 WL 4474340 (D. Del. July 14, 2016) .................................10, 11, 12

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
   C.A. No. 09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010) ........................................11

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012).....................................................................................15

*First Am. Title Ins. Co. v. Maclaren, LLC*,
   C.A. No. 10-363-LPS, 2012 WL 769601 (D. Del. Mar. 9, 2012) ...........................................6

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015).........................14, 15

*Neste Oil OYJ v. Dynamic Fuels*, LLC,
   C.A. No. 12-1744, 2013 WL 3353984 (D. Del. July 2, 2013)......................................6, 10, 14

*Novartis AG v. HEC Pharm. Co. Ltd.*,
   183 F.Supp.3d 560 (D. Del. 2016) (Stark, J.) ..........................................................................6

*Peschke Map Tech., LLC v. J.J. Gumberg Co.*,
   40 F.Supp.3d 393 (D. Del. 2014).....................................................................................7, 11

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
   C.A. No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014).....................................6, 7, 13

*SenoRx, Inc. v. Hologic, Inc.*,
   C.A. No. 12-173, 2013 WL 144255 (D. Del. Jan. 11, 2013) (Burke, J.)................................11

*Softview LLC v. Apple Inc.*,
C.A. No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013).....................6, 7, 9, 11, 14

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
C.A. No. 01-557-JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003) ........................................13

**Statutes**

35 U.S.C. § 101 ...............................................................................................................................1, 5

35 U.S.C. § 315 ................................................................................................................................13

35 U.S.C. § 315(e)(2)........................................................................................................................11

35 USC 314(a) ....................................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 20(a)(1)......................................................................................................................9

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

The Patent Trial and Appeal Board has instituted *inter partes* review of the ***only claim***

(claim 35) of U.S. Patent No. 9,014,667 (the "'667 patent") asserted against Defendants[1] in the

above captioned cases.  *LG Electronics, Inc. v. Koninklijke KPN N.V.*, IPR 2018-00558, Paper 6

(PTAB Aug. 3, 2018) (the "'667 Patent IPR"[2]) (Ex. A), "Institution Decision".  Because (1)

the '667 Patent IPR will likely simplify the issues for trial, (2) the stage of the case is still in the

midst of fact discovery and trial is nearly ***sixteen months*** away, and (3) plaintiffs Koninklijke

KPN N.V ("KPN"), 3G Licensing, S.A. ("3G"), and (3) Orange S.A. ("Orange") (collectively,

"Plaintiffs") will not be prejudiced, Defendants respectfully request a partial stay with respect to

the '667 patent pending resolution of the '667 Patent IPR.

The potential for simplification is particularly high in these cases.  KPN is the owner of

the '667 patent and U.S. Patent No. 6,212,662 (the "'662 patent") (collectively, the "KPN

Patents").  The '662 patent has already been held unpatentable under 35 U.S.C. § 101.  And KPN

has narrowed the asserted claims of the '667 patent to just one claim (claim 35).  The other three

asserted patents (U.S. Patent Nos. 6,856,818 (the "'818 patent"); 7,933,564 (the "'564 patent");

and 7,995,091 (the "'091 patent") (collectively, the "3G Patents")) are owned by 3G, not KPN,

and unrelated in subject matter.  By instituting the '667 Patent IPR, the PTAB has already

determined that there is a reasonable likelihood that the only asserted claim of the '667 Patent is

invalid.  35 U.S.C. § 314(a).  And if claim 35 is held invalid, not only will the case see dismissal

---

[1] "Defendants" refer to the collective defendants in the above captioned related cases: HTC Corporation ("HTC"), Lenovo Holding Co., Inc., Lenovo (United States) Inc., Motorola Mobility LLC (collectively "Lenovo"), LG Electronics Inc. and LG Electronics, U.S.A., Inc. (collectively "LGE").

[2] The PTAB granted HTC's motion to join the '667 Patent IPR on November 1, 2018.  '667 Patent IPR, Paper 18 (PTAB Nov. 1, 2018) (Ex. B).  The PTAB thereafter granted Lenovo's motion for the same on January 15, 2019. *Id.,* Paper 23 (PTAB Jan. 15, 2019) (Ex. C).

of an entire patent directed to technical subject matter disparate from the subject matter of the others, but the case should also see dismissal of KPN as a party.

The procedural posture of this case also weighs strongly in favor of a stay.  This case is currently in the midst of discovery, with the close of fact discovery in May of 2019, and the close of expert discovery set for October 2019.  Discovery is far from complete and other milestones with respect to KPN and the '667 patent lie ahead, including depositions of fact witnesses, expert discovery, dispositive motions, *Daubert* motions, pretrial and trial, all of which will incur significant burden and costs on those involved.  In short, this case is still relatively in an early stage, and a stay would save the Court and parties substantial time and effort.

Finally, a stay will not unduly prejudice Plaintiffs.  Plaintiffs have not yet invested significant time or money litigating the '667 patent, relative to the substantial amount of work that lies ahead.  Nor do Plaintiffs compete with Defendants or would suffer any alleged harm that cannot be compensated with monetary relief.  The fact that Plaintiffs did not seek injunctive relief undermines any argument of prejudice.  *See, e.g.,* D.I. 75 at 48-49.  In contrast, absent a partial stay, the Court and Defendants will be forced to bear the costs of continued litigation of claim 35 of the '667 patent—which the PTAB has already determined is reasonably likely to be invalid—including discovery with respect to the '667 patent owner, KPN, who has no other claims at issue, and who otherwise appears to have no other connection to these cases.

Because all the relevant factors weigh in favor of a stay, Defendants respectfully request the Court to enter a partial stay of the case with respect to the '667 patent.

## II.   BACKGROUND

### A.   Nature and stage of the proceedings

On January 30, 2017, plaintiffs KPN and 3G filed complaints against Defendants in their respective cases alleging infringement of two sets of patents:  (i) the '662 and '667 patents,

owned by KPN; and (ii) the '818, '564, and '091 patents, owned by 3G (all five collectively, the "Patents-in-Suit").  *See, e.g.,* 17-cv-83, D.I. 1 ¶¶ 20, 28, 36, 44, 52.[3]  On April 3, 2017, KPN, 3G, and Orange filed an Amended Complaint to add Orange as a nominal plaintiff "only as to those patents [] which it has assigned to 3G," *i.e.*, the 3G Patents.  D.I. 11 ¶ 7.  Plaintiffs amended on June 13, 2017 and again on December 27, 2017 to address procedural infirmities that are not directly relevant to the substance of this motion.  D.I. 20; D.I. 75.

On February 5, 2019, the Court issued the current scheduling order.  D.I. 208.  The cases are currently in the midst of fact discovery, set to close on May 10, 2019.  *Id.* at 3.  No depositions have occurred, and the parties are still scheduling dates.  The expert discovery deadline is October 4, 2019, the case-dispositive and/or *Daubert* motions deadline is October 21, 2019, and the first trial date among related cases 17-cv-82, -83, -84 and -85 is June 8, 2020.  *Id.*

### B.    Relation between the Plaintiff entities

The Plaintiffs, KPN, 3G, and Orange, are three foreign companies based in different countries and do not appear to have any corporate ownership relationship with one another. KPN is based in the Netherlands.  D.I. 75 ¶ 7.  3G is based in Luxemburg.  *Id.* ¶ 6.  Orange is based in France.  *Id.* ¶ 8.  None of Plaintiffs' corporate disclosures identify any corporate ownership relationship between the Plaintiffs.  The only implied relationship between any of the companies is through non-party Sisvel UK Limited ("Sisvel"), the parent company of 3G, which was also involved in licensing efforts for KPN.  *See* D.I. 75 ¶¶ 28, 32-35, 41-42.  These collective licensing efforts do not appear to have any bearing on KPN and 3G's independent assertion of their respective patents, as demonstrated by the fact that KPN settled and dismissed its claims against Blackberry Limited and Blackberry Corporation (collectively, "Blackberry") in

---

[3] For ease of reference to docket entries across the related cases, the docket in C.A. No. 17-83 against HTC will be referenced, unless specifically noted otherwise.

the related 17-82 case, while that case continues with respect to the 3G Patents.  Letter

Requesting Dismissal, *3G Licensing, S.A., et al. v. BlackBerry Ltd., et al.*, C.A. No. 17-82-LPS,

(D. Del. filed Aug. 14, 2018) (D.I. 147) ("KPN and BlackBerry have fully executed their

contemplated settlement and licensing agreement"); Stipulation of Dismissal, *3G Licensing, S.A.,

et al. v. BlackBerry Ltd., et al.*, C.A. No. 17-82-LPS, (D. Del. filed Aug. 16, 2018) (D.I. 152)

("The parties further stipulate that Koninkijke KPN N.V. should be dismissed from this

action…").

C.    **The subject matter of the Patents-in-Suit**

The subject matters of each of the Patents-in-Suit also are distinct and disparate.  None of

the patents are family members of one another.  The '667 patent, owned by KPN, is directed to

time-based network access, which Plaintiffs describe as related to "back-off timers and machine-

to-machine communications".  D.I. 75 ¶ 73.  In contrast, Plaintiffs have described the technology

of the '818 patent as relating to "the use of selective access to data stored on subscriber identity

modules" (*id.* ¶ 34), the technology of the '564 patent as relating to "the use of multiple antennas

to transmit or receive data" (*id.* ¶ 35) and the technology of the '091 patent as relating to "the

making and discontinuing of mixed media telecommunication calls, including video calls" (*id.* ¶

34).  Further underscoring the disparate nature of the Patents-in-Suit, Plaintiffs' complaint

alleged specific standards for which each of the asserted patents were declared standard

essential.[4]  *Id.* ¶¶ 41, 70, 92, 116, 139.  None of the Patents-in-Suit are alleged to be standard

essential to the same standard.  *Id.*

---

[4] Plaintiffs have recently represented to the Court that they no longer rely upon any argument
that the patents are standard essential in support of their infringement contentions.  Response to
LG's Discovery Letter, *3G Licensing, S.A., et al. v. LG Electronics Inc., et al.,* C.A. 17-85-LPS,
(D. Del. filed Feb. 9, 2019) (D.I. 190) (Public version, filed under seal) ("Plaintiffs are not
contending that any of the claims in the patents-in-suit are essential.")

### D.   The only '667 Patent asserted claim

Although Plaintiffs initially asserted claims 31, 33, and 35 of the '667 patent, they withdrew claims 31 and 33 during claim construction, leaving only claim 35 at issue in these cases.  D.I. 147, June 25, 2018 Hearing Tr. at 8:23-9:1 ("We told the defendants we are intending to drop and are dropping claims 31 and 33").

### E.   Invalidity of the KPN Patents

#### 1.   The '662 Patent

The claims of the '662 patent have been held invalid.  On March 22, 2018, all claims of the '662 patent were found to be directed to an abstract idea, not directed to patent-eligible subject matter, and therefore invalid under 35 U.S.C. § 101.  Memorandum Opinion, *3G Licensing, SA v. Blackberry Ltd.*, C.A. No. 17-82 (D. Del. filed Mar. 22, 2018) (D.I. 87).  KPN has appealed the unpatentability finding, and the issue is pending before the Federal Circuit.  *See* Notice of Appeal, *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 17-86 (D. Del. Apr. 19, 2019) (D.I. 82).

#### 2.   The '667 Patent

In response to petitions from each group of Defendants, the PTAB has determined that there is a reasonable likelihood that claims—including the only asserted claim—of the '667 patent are invalid.  On August 3, 2018, the PTAB instituted *inter partes* review ("IPR") of all the challenged claims of the '667 patent based upon an IPR petition filed by LGE, finding a reasonable likelihood that Claims 31, 33, and 35 of the '667 patent are unpatentable.  Ex. A.  On August 31, 2018, HTC filed an IPR petition mirroring the instituted petition filed by LGE, as well as a motion for joinder to the instituted LGE IPR.  *HTC America, Inc. v. Koninklijke KPN N.V.*, IPR2018-01639, Papers 2, 3 (PTAB Aug. 31, 2018) (Exs. D, E).  The PTAB granted HTC's petition and joinder motion.  *See* Ex. B.  On August 31, 2018, Lenovo also filed an IPR

5

petition mirroring LGE's instituted petition, as well as a motion for joinder to the instituted '667 Patent IPR.  *Lenovo (United States) Inc. v. Koninklijke KPN N.V.*, Case IPR2018-01645, Papers 1, 3 (PTAB Aug. 31, 2018) (Exs. F, G).  The PTAB granted Lenovo's petition and joinder motion.  *See* Ex. C.  Based on the date of institution, the '667 Patent IPR is likely to conclude in August 2019.  *See* 35 U.S.C. § 316(11).

Approximately 81 percent of instituted petitions result in a final written decision finding at least one claim invalid.  *See* USPTO, *Trial Statistics IPR, PGR, CBM Patent Trial and Appeal Board December 2018*, https://www.uspto.gov/sites/default/files/documents/trial_statistics_2018 12.pdf at 10 (Ex. H).  If claim 35 of the '667 patent is invalidated, KPN will no longer have any valid patent claims upon which it seeks relief in these cases.

### III.   LEGAL STANDARD

District courts have "the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *First Am. Title Ins. Co. v. Maclaren, LLC*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (*quoting Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  "Whether to stay litigation pending IPR is a matter left to the Court's discretion."  *Novartis AG v. HEC Pharm. Co. Ltd.*, 183 F.Supp.3d 560, 562 (D. Del. 2016); *Neste Oil OYJ v. Dynamic Fuels*, LLC, No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013) ("It is well settled that this authority [to stay litigation] extends to patent cases in which a review by the PTO has been requested") (citations omitted).  *See also Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461LPS-CJB, 2014 WL 3819458, at *5, 6 (D. Del. Jan. 15, 2014).

Delaware courts have regularly granted stays pending IPR during the discovery period. *See Softview LLC v. Apple Inc.*, No. 12-989-LPS, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (granting IPR stay after fact discovery and *Markman*, but before the completion of expert

discovery); *see also Peschke Map Techs., LLC v. J.J. Gumberg Co.*, 40 F.Supp.3d 393, 396 (D. Del. 2014) (granting IPR stay during ongoing discovery); *Princeton*, 2014 WL 3819458, at *2-3 (granting IPR stay based on pre-instituted IPR petition during ongoing discovery).  With the resolution of most cases within one year after an IPR is instituted, "*inter partes* review promises to be a more expeditious process than reexamination."  *Softview*, 2013 WL 4757831, at *2.

Courts typically consider three factors in a stay analysis:  "(1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.."  *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016); *Princeton*, 2014 WL 3819458, at *2.

Here, each factor supports a stay.

## IV.   ARGUMENT

The '667 Patent IPR has already been instituted and there is a strong likelihood that the sole asserted claim in these cases will be invalidated.  This would result in a significant simplification of the case as it will result in the dismissal of the '667 patent, as well as dismissal of the '667 patent owner, KPN.  These cases are still in the midst of fact discovery and trial is nearly ***sixteen months*** away, which also strongly favors a stay.  Finally, a partial stay creates no undue prejudice for Plaintiffs or a clear tactical advantage for Defendants, especially in light of the fact that the PTAB is expected to issue its final written decision in the '667 patent IPR within six months.  Accordingly, Defendants respectfully request a partial stay pending resolution of the '667 Patent IPR.

**A.    A stay pending IPR will simplify issues for trial**

      **1.    Invalidation of the '667 Patent will remove Plaintiff KPN and its only remaining patent and asserted claim from these cases**

The potential for simplification is particularly acute in these cases because invalidity in the '667 Patent IPR will not only remove the '667 patent from these cases, but will also effectively remove plaintiff KPN.  Unlike most cases, this case has been filed by three separate foreign entities that do not appear to have any corporate ownership relationship or ownership interests in the Patents-in-Suit they do not own—*i.e.,* KPN in 3G's Patents-in-Suit and *vice versa*. An invalidity finding in the '667 Patent IPR will eliminate KPN's remaining claims for relief and likely remove any need for KPN to continue in the case.

The only relationship between KPN, 3G, and Orange with respect to this case appears to be through the non-party Sisvel.  Non-party Sisvel is the corporate owner of 3G, the current owner of the 3G Patents, which were assigned to 3G by Orange.  *See e.g.*, D.I. 75 ¶¶ 28, 32-35, 41-42.  Sisvel was previously involved in certain patent licensing efforts for KPN, but there appears to be no other connection between KPN and 3G (or Orange) that is relevant to this case. *Id.*  The absence of Sisvel as a party to this case underscores the lack of any connection between KPN and 3G that could be relevant to this case.

Further, there is no substantive overlap between the KPN Patents and the 3G Patents.  As detailed above, the technology of the '667 patent (time-based network access) is disparate and distinct from the remaining 3G patents in the case (relating to USIM card technology, multi-antenna transmission, and mixed media telecommunications).  Unlike a typical case in which multiple plaintiffs have been joined, the Plaintiffs in this case do not appear to have asserted a right to relief "with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" or any "question of law or fact common to all plaintiffs" that will arise in the action.[5]  Fed. R. Civ. P. 20(a)(1).

KPN's only remaining patent in this case is the '667 patent, and it now only alleges infringement of claim 35.  *See* D.I. 147, June 25, 2018 Hearing Tr. at 8:23-9:1 ("We told the defendants we are intending to drop and are dropping claims 31 and 33.").  As one of the claims for which IPR has been instituted, the PTAB has already determined that there is a reasonable likelihood that claim 35 is invalid.[6]  Accordingly, in the likely event that the '667 patent is invalidated by the PTAB, KPN's remaining claims for relief would be eliminated and KPN could effectively be terminated from the case.

## 2.      An IPR stay will simplify the cases

The simplification factor weighs strongly in favor of a stay because the PTAB has instituted review of the ***only*** asserted claim of the '667 patent.  In November 2018, 64% of instituted IPRs, PGRs, or CBMs found all the challenged claims unpatentable, and another 17% found at least some claims unpatentable.  Ex. H at 10.  As this Court has recognized, "'should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated.'"  *454 Life Scis. Corp.,* 2016 WL 6594083 at *3, *quoting Softview*, 2013 WL 4757831, at *1.  As explained above, invalidation of the '667 patent claims at issue in the '667 Patent IPR would result in not only the dismissal of the '667 patent and a reduction of the disparate technical matters at issue from four to three, but it also would effectively remove

---

[5] On July 12, 2017, in the Joint Letter regarding Proposed Schedule, Defendants raised the issue that KPN and Orange/3G patents were improperly joined in this case.  D.I. 25 at B.3.

[6] As described above, KPN's '662 patent that was earlier at issue in this case was found to be unpatentable. Memorandum Opinion, *3G Licensing, SA v. Blackberry Ltd.*, C.A. No. 17-82, (D. Del. filed Mar. 22, 2018) (D.I. 87).

plaintiff KPN from the case as well.  The parties would avoid the continuing costs that would otherwise be incurred with respect to the '667 patent and with respect to KPN.

Further, no matter the outcome of the IPR proceeding, the Court will benefit from the economy of time and effort for itself, for counsel, and for litigants, if these materials are first considered by the PTAB.  Courts in this District have articulated a number of ways a PTO proceeding can simplify proceedings for the district court:

> (1) all prior art presented to the court will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without the further involvement of the court, (5) the record of reexamination would probably be entered at trial, reducing the complexity and length of the litigation, (6) issues, defenses and evidence will be more easily limited in pretrial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107 (GMS), 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014), *quoting Neste Oil OYJ*, 2013 WL 3353984, at *4. These benefits will be similarly realized in this case with a partial stay pending the '667 Patent IPR proceedings.  *See Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. July 14, 2016) ("[T]he PTAB's sound judgment with respect to other claim terms in the two patents . . . or how the art might generally read could be instructive to this Court . . . ."); *454 Life Scis. Corp.*, 2016 WL 6594083, at *3 ("[T]he creation of additional prosecution history . . . will simplify the issues left to be litigated in this case"); *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting partial stay as to one patent-in-suit).

Finally, even if all challenged claims are confirmed patentable, estoppel principles may narrow the invalidity defenses for presentation at trial, including from raising validity challenges "on any ground that the petitioner raised or reasonably could have raised during that *inter partes*

review." 35 U.S.C. § 315(e)(2); *see also 454 Life Scis. Corp*, 2016 WL 6594083, at *3. That estoppel may limit the issues and evidence that can be presented at trial, and the parties and Court would recognize cost and time savings as a result.

For all the reasons stated above, the simplification factor weighs in favor of a stay.

### B.    The stage of litigation favors a stay

Staying a case in its early stage advances judicial efficiency and "prevents the court and the parties from expending resources on claims that may be rendered invalid." *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108, 2016 WL 4474340, at *3 (D. Del. July 14, 2016). This factor examines the extent to which "the most significant case events . . . are in the future, not the past." *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013) (Burke, J.).

In this case, fact discovery is still ongoing and expert discovery has not yet begun. Over two months in fact discovery remain and no depositions have occurred. Courts in this district have found the stage of the litigation favored stays in cases where parties were in the midst of fact discovery. *CallWave*,, 2015 WL 1284203, at *1 (granting a stay, finding the stage of litigation favored a stay where few depositions had been taken and expert discovery had not yet begun); *Softview*, 2013 WL 4757831, at *2 (granting a stay after issuing a *Markman* order, finding it appropriate to "allow the *inter partes* review a reasonable period to conclude"— approximately seven months—"before launching the parties into the expense of expert discovery"); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (finding that the case was still in its early stages, in part because interrogatories and depositions were scheduled to take place for several more months); *Peschke Map Techs.*, 40 F.Supp.3d at 396 (granting a stay pending IPR despite that fact discovery and the *Markman* briefing were complete and trial set for later in the year).

Because discovery here is still ongoing and this litigation is still "in its early stages," the Court and parties will be able to realize significant benefits from a stay by avoiding the potentially needless efforts and costs of continuing to litigate issues relating to the '667 Patent and KPN. Accordingly, the stage of the cases weighs in favor of a stay.

### C.      A stay will not create undue prejudice for Plaintiffs or a clear tactical advantage for Defendants

A partial stay as to the '667 patent will not prejudice Plaintiffs at all, let alone cause undue prejudice. To the contrary, a partial stay would allow the Court and the parties, including Plaintiffs, avoid the burden of duplicative and needless proceedings, as set forth above. The '667 Patent IPR presents a strong likelihood of eliminating both a patent and a Plaintiff entity, KPN, from these cases, significantly simplifying the issues and disputes for the parties and the Court.

In evaluating the potential prejudice of a stay this Court has analyzed four factors: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *454 Life Scis. Corp.*, 2016 WL 6594083, at *4; *Contour*, 2016 WL 4474340, at *4. Balancing these factors, the potential prejudice of a stay (or lack thereof) also favors granting the requested partial stay.

### 1.      The '667 IPR Petition was timely

On February 1, 2018, LGE timely filed the '667 IPR Petition, within its one-year statutory deadline. Ex. A at 1. On August 3, 2018, the PTAB granted institution of the '667 Patent IPR initially filed by LGE. *Id.* Four weeks later, on August 31, 2018, HTC filed its own IPR petition along with its motion for joinder to the instituted '667 Patent IPR based on the same prior art combinations and supporting evidence against the same claims. Exs. D, E. Lenovo did the same. Exs. F, G. The PTAB granted HTC's and Lenovo's requests on November 1, 2018 and January 15, 2019, respectively. Exs. B, C.

In this regard, Courts have granted stays pending IPR when defendants have filed their petitions within the timeframe provided by 35 U.S.C. § 315.  *See, e.g.*, *Sunpower Corporation v. PanelClaw*, C.A. No. 12-1633-GMS, 2014 WL 12774919, *1 (D. Del. May 16, 2014) (D.I. 43) (filing IPR one day before statutory expiration date was not dilatory); *Princeton Digital Image*, 2014 WL 3819458, at *4-5 (granting stay where the defendant filed the IPR petition "almost a year to the day after Plaintiff filed the initial Complaint against it").  The IPR filings by each Defendant were timely, as evidenced by the PTAB's decision to institute the '667 Patent IPR and grant the motions for joinder by HTC and Lenovo.  Exs. A, B, C.  This factor weighs in favor of granting a stay.

**2.    Defendants timely moved for stay**

Although Defendants did not seek a stay pending IPR immediately following the PTAB's decision to institute, nothing in this record suggests that Defendants seek an inappropriate tactical advantage.  *Cf. Belden Techs. Inc., v. Superior Essex Commc'n*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (finding prejudice where requestors waited several months after learning of actions closing prosecution in the ex parte reexaminations to file a motion to stay just 11 days before trial); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003) (finding undue prejudice in part because motion to stay filed just weeks before trial).  Indeed, any alleged delay by Defendants in bringing this motion has been minimal as the PTAB only recently, on January 15, 2019, granted Lenovo's motion to join the '667 Patent IPR, and Defendants informed Plaintiffs of their intent to seek a stay based on the '667 Patent IPR less than four weeks later. 2019-02-11 Email from P. Ou to A. Healy (Ex. I).

Moreover, while fact discovery has continued since the PTAB instituted the '667 Patent IPR filed by LGE in August, the parties—at Plaintiffs' initiation—have jointly requested the

13

Court extend all case deadlines *twice*, agreeing to delay the case collectively by over six months, with the anticipated trial date moving from the originally scheduled September 2019 date to January 2020, and then to June 2020.  D.I. 163, 208.  To the extent Plaintiffs claim they have been prejudiced by Defendants not filing the instant motion sooner, that prejudice has been mitigated by Defendants agreeing to Plaintiffs' multiple requests to extend all of the case deadlines.

This factor weighs in favor of granting the stay, and at worst, is neutral.

### 3.     The status of the IPR proceedings favors a stay

Here, the IPR has been instituted against the only asserted claim and is expected to conclude by no later than August 3, 2019, a little over five months from now.  *See* 35 U.S.C § 316(a)(11) (mandating that, absent good cause, the PTAB must generally render a final determination within one year of its decision to institute).  This Court and others in this District have held that such a period is not an unreasonable amount of time. *Softview*, 2013 WL 4757831, at *2 (finding that "*inter partes* review promises to be a more expeditious process than reexamination" and finding that the PTAB's final written decision expected to issue in under seven months to be "relatively close to completion"); *Neste Oil OYJ*, 2013 WL 3353984, at *4 (finding no undue prejudice from delay even when granting stay pre-institution).  Accordingly, because the sole asserted claim of the '667 Patent has been instituted and the PTAB's final written decision is expected within six months, this factor weighs in favor of a stay.

### 4.     The relationship of the Parties does not create undue prejudice

Courts also consider the relationship of the parties in assessing potential prejudice to the non-movant, typically considering the extent to which the parties are direct competitors.  *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015). Courts may "hesitate to grant stays where the parties are direct competitors."

*Bonutti Skeletal Innovations,* 2014 WL 1369721, at *4.  However, "[t]he relationship between the parties is no impediment to a stay . . . where the plaintiff is a non-practicing entity." *Id.*

Here, the parties are not direct competitors:  3G is a licensing entity, and Orange and KPN are foreign telecommunication service providers; Defendants are device manufacturers. *See, e.g.,* D.I. 75 ¶¶ 6-9.  As a result, there is no "chance that delay in adjudicating the alleged infringement will have outsized consequences" such as the "potential for loss of market share and an erosion of goodwill."  *Kaavo Inc.*, 2015 WL 1737476, at *3.  Because Plaintiffs and Defendants are not competitors, there are no competitive concerns in granting a stay, and there is no harm that could not otherwise "be fully compensated by monetary damages."  *CallWave Commc'ns, LLC*, 2015 WL 1284203, at *1.[7]  Accordingly, this factor also favors a stay.

### 5.    Denying the stay would prejudice Defendants

In contrast, denying a stay unduly prejudices Defendants.  Defendants will be forced to continue litigating a claim likely invalid and against a Plaintiff (KPN) irrelevant to the case after a finding of invalidity.  As explained above, the '667 patent involves technology separate and disparate from the other Patents-in-Suit, forcing Defendants to investigate and litigate non-overlapping technology and issues for a patent that is reasonably likely to be invalid.  Continuing to litigate the '667 patent and against KPN will require Defendants to expend additional resources in both fact and expert discovery, as well as dispositive motions and trial preparation, including (1) separate technical analysis for both non-infringement and invalidity of the '667 patent, unrelated to other Patents-in-Suit; (2) separate analysis for alleged damages owed to KPN (as opposed to 3G/Orange for the 3G Patents); (3) fact depositions of KPN witnesses and

---

[7] *See also Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012) ("[The] Plaintiff never sought a preliminary injunction, which suggests that any prejudice . . . is not as severe as it contends").

Defendants' witnesses on issues relating to KPN or the '667 patent.  The prejudice to Defendants also favors a stay.

## V.   <u>CONCLUSION</u>

Given that (1) the '667 Patent IPR will likely significantly simplify the issues for trial, (2) the case is still in discovery, and (3) Plaintiffs will not be unduly prejudiced, Defendants respectfully requests a partial stay of this action with respect to the '667 patent pending the '667 Patent IPR.

|  |  |
|---|---|
|  | */s/ Nathan R. Hoeschen* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Yar R. Chaikovsky | Nathan R. Hoeschen (No. 6232) |
| Philip Ou | SHAW KELLER LLP |
| Bruce Yen | I.M. Pei Building |
| Radhesh Devendran | 1105 North Market Street, 12th Floor |
| PAUL HASTINGS LLP | Wilmington, DE 19801 |
| 1117 S. California Ave. | (302) 298-0700 |
| Palo Alto, CA 94304 | jshaw@shawkeller.com |
| (650) 320-1800 | nhoeschen@shawkeller.com |
|  | *Attorneys for Defendant HTC Corporation* |

OF COUNSEL:
Steven D. Moore
KILPATRICK TOWNSEND AND STOCKTON
Two Embarcadero Center Suite 1900
San Francisco, CA 94111
(415 )576-0200

Taylor Higgins Ludlam
KILPATRICK TOWNSEND AND STOCKTON
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
(919) 420-1700

Russell A. Korn
Richard W. Goldstucker
Courtney S. Dabbiere
KILPATRICK TOWNSEND AND STOCKTON
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (No. 1014)
Stephen J. Kraftschik (No. 5623)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com
*Attorneys for Defendants Lenovo Holding Co.,
Inc., Lenovo (United States) Inc., and
Motorola Mobility LLC*

OF COUNSEL:
Peter H. Kang
Ashish Nagdev
Jinyung Lee
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
(650) 565-7000

Ryan M. Sandrock
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200

Dated: March 1, 2019

/s/ Rodger D. Smith
Rodger D. Smith (No. 3778)
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9205
rsmith@mnat.com
*Attorneys for Defendants LG Electronics Inc.,
and LG Electronics U.S.A., Inc.*

17