# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-83-LPS |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| HTC CORPORATION, | |
| Defendant. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-84-LPS |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, | |
| Defendants. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-85-LPS |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LG ELECTRONICS INC., and LG ELECTRONICS, U.S.A., INC., | |
| Defendants. | |

1

| KONINKLIJKE KPN N.V., | C.A. No. 17-cv-90-LPS |
|---|---|
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SIERRA WIRELESS, INC., AND SIERRA WIRELESS AMERICA, INC., | |
| Defendants. | |

## JOINT MOTION AND [PROPOSED]
## ORDER TO AMEND SCHEDULING ORDER

Plaintiffs Koninklijke KPN N.V., 3G Licensing, S.A., and Orange S.A. and Defendants HTC Corporation, Lenovo Holding Co., Inc., Lenovo (United States) Inc., Motorola Mobility LLC, LG Electronics Inc., LG Electronics, U.S.A., Inc., Sierra Wireless, Inc., and Sierra Wireless America, Inc. (collectively, the "Parties") respectfully file this unopposed motion to ask the Court to amend the January 3, 2020 Scheduling Order as set forth below to account for ongoing delays resulting from the COVID-19 pandemic.[1]

| Scheduling Order ¶ | Event | Current Deadline | Amended Deadline |
|---|---|---|---|
| ¶ 13 | **DEADLINE** for KPN to serve claim construction reply brief | May 15 | No Change |
| | **DEADLINE** to Submit Tutorial | May 22 | No Change |
| ¶ 13 | **DEADLINE** for Defendants to serve claim construction sur-reply brief | May 29 | No Change |
| | **DEADLINE** to Submit Objections to Tutorial | June 4 | No Change |
| ¶ 13 | **DEADLINE** for the parties to file the joint claim construction brief | June 5 | No Change |

---

[1] The Parties note that they have left blank in their proposed schedule those deadlines for which the Court previously had provided dates and times.

| ¶ 14 | **DEADLINE** to notify the Court, by joint letter submission, (i) whether parties request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated for the hearing | June 5 | No Change |
|---|---|---|---|
| ¶ 18 | **MARKMAN HEARING** | July 2 @ 10:00 am | Plaintiffs: No Change<br><br>Defendants: On or after August 27[2] |
| ¶ 7(c) | **DEADLINE** for Plaintiffs to provide final infringement contentions. | June 12 | August 21 |
| ¶ 18 | **DEADLINE** for Defendants to provide final invalidity contentions | June 26 | September 4 |
| ¶ 8(a) | **DEADLINE** to complete fact discovery related to U.S. Patent 6,212,662 | July 3 | September 11 |
| ¶ 8(f) | **DEADLINE** to serve opening expert reports related to U.S. Patent 6,212,662 | July 17 | September 25 |
| ¶ 8(f) | **DEADLINE** to serve rebuttal expert reports related to U.S. Patent 6,212,662 | Aug. 14 | October 23 |
| ¶ 8(f) | **DEADLINE** to serve reply expert reports related to U.S. Patent 6,212,662 | Sept. 11 | November 20 |
| ¶ 8(f) | **DEADLINE** to complete expert discovery related to U.S. Patent 6,212,662 | Sept. 25 | December 11 |
| ¶ 18 | **DEADLINE** to file case dispositive and Daubert motions | Oct. 16 | January 22, 2021 |
| ¶ 18 | **DEADLINE** to file responsive briefing to case dispositive and Daubert motions | Nov. 6 | February 12, 2021 |
| ¶ 18 | **DEADLINE** to file reply briefs to case dispositive and Daubert motions | Nov. 20 | February 26, 2021 |

---

[2] This is the only item on which the Parties do not agree. The Parties have set forth their respective positions on this item below at pages 5-8.

| ¶ 21 | **DEADLINE** to File Joint Pre-Trial Order | Dec. 13 | March 19, 2021 |
|:---:|:---|:---:|:---:|
| ¶ 21 | **PRE-TRIAL CONFERENCE** | Dec. 21 @ 4:00 pm | March __, 2021 |
| ¶ 18 | **MOTION HEARING** | Dec. 22 @ 10:00 am | March __, 2021 |
| ¶ 24 | **FIRST TRIAL** | Jan. 11 | April __, 2021 |

**1.  Good Cause Exists to Extend the Schedule**

The Parties respectfully submit that good cause supports their request. Primarily, Defendants in these matters have informed Plaintiffs that they contend that the functionality accused of infringing U.S. Patent 6,212,662 resides in the chipset of each product and that Plaintiffs thus will need to obtain discovery regarding such functionality from the relevant chipset manufacturers. Consistent with those representations, Plaintiffs served an amended subpoena on third party Qualcomm Incorporated ("Qualcomm") on January 30, 2020.

In response to Plaintiffs' subpoena, Qualcomm agreed to make the relevant source code available for inspection beginning on March 16, 2020. Plaintiffs thereafter confirmed that Plaintiffs would begin to review such code on March 17, 2020. Unfortunately, prior to that review Qualcomm informed Plaintiffs on March 13, 2020, that "for health and safety reasons due to the COVID-19 pandemic" Qualcomm was closing its source code review facility and suspending all source code review until further notice.

As explained in the Parties' March 24, 2020 Joint Status Report detailing how they propose these cases should proceed in light of the Standing Order Regarding Court Operations Under the Exigent Circumstances Created by COVID-19, Plaintiffs had hoped such closures would be limited. Unfortunately, they have not been. Qualcomm's source code review facility has remained closed and source code review has remained suspended. Further, while Plaintiffs have asked

Qualcomm to consider alternative review procedures, including the ability to conduct a remote review, to date Qualcomm has stated that it is investigating such requests and has yet to provide any timetable for when code review may occur.

**2.   The Parties Disagree as to Whether the *Markman* Hearing Date Should Be Moved.**

As stated above at footnote 1, the Parties disagree regarding only one of the remaining deadlines: the date of the *Markman* Hearing regarding United States Patent No. 6,212,662, which currently is set for July 2, 2020, at 10:00 am. The Parties set forth their respective positions regarding this item below.

**Plaintiffs' Position:** It is Plaintiffs' position that there is no reason to delay the currently scheduled *Markman* date. Briefing regarding the five terms Defendants identified for construction is nearly complete (the final brief is due May 29),[3] and obtaining the Court's guidance regarding these disputed terms as early as possible will allow the Parties to more efficiently litigate the remainder of this matter. Indeed, the only reason that Defendants have offered for moving the current date is that they want Plaintiffs to have to serve their final contentions before the *Markman* hearing date (though Defendants noticeably had no issue deviating from the current order by moving their final contention deadline to after their requested hearing date).[4]

There is no justification for having Plaintiffs' final contentions due before the hearing occurs. To the contrary, as Plaintiffs have explained to Defendants, given the clear inefficiencies in having final contentions due prior to the Court resolving relevant claim construction disputes, the Court's usual practice is to have the *Markman* hearing early enough that it would expect to

---

[3] Plaintiffs note that, as the Court already has held one Markman hearing in this matter, the current round of briefing was limited to 10 pages per brief.

[4] Plaintiffs further note that Sierra Wireless has stated that it has no objection to proceeding (telephonically or otherwise) on the currently scheduled hearing date. Plaintiffs' references to the "Defendants" in this section this should be understood to refer solely to HTC, LGE, and Lenovo.

issue its claim construction order before final contentions are due. As the Court explained at the December 9, 2019 Status Conference, the only reason the Court deviated from that usual practice here was that it wanted to "keep these cases on track for trials beginning in January of 2021" while nevertheless allowing defendants "enough time to figure out what they think, the new defendants in particular, they think the case is about and what claim constructions are truly necessary." December 9, 2019 Hearing Tr. at 29:15-31:7.

Here, neither of these purposes would be served by delaying the *Markman* hearing. Defendants already have decided (and briefed) what constructions they believe are necessary, and the COVID-necessitated extension of the January 2021 trial dates moots the need to deviate from the Court's usual practice of having final contentions due after the Court would expect to issue its *Markman* order. Indeed, under Defendants' proposed schedule, opening expert reports would be due less than 30 days after their earliest requested *Markman* hearing date—meaning both parties would have to waste their clients' and their experts' resources addressing constructions that this Court ultimately will reject. In contrast, keeping the current date will allow the Court its usual 60 days to issue its claim construction order, which will allow the parties to focus their time and resources on what actually will be at issue at trial.

Further, nearly the entirety of Defendants' below description of the process by which they contend the current *Markman* hearing date was selected is—to put it politely—a fiction. Contrary to Defendants' representation that the date purportedly was a "carefully negotiated point" or that Defendants' proposed an August hearing date and agreed to an earlier date only because Plaintiffs agreed to serve their final contentions prior to the hearing, the contemporaneous emails attached as Exhibits 1 and 2 show that the parties barely discussed the issue. They also show that—due to the realities of the schedule constraints the Court explained at the December 9 hearing—<u>Defendants</u>

initially proposed that the hearing be set on June 30. Ex. 1 at 1, 4. Plaintiffs proposed June 19. Ex. 2 at 9. And after a very brief discussion regarding the parties' mutual desire to avoid having to serve supplemental expert reports if possible (during which, to be clear, Defendants never suggested moving the hearing back two months from when Defendants had proposed), Defendants agreed that it would be better to request the earlier date. *Id*. at 1, 9. Indeed, contrary to what Defendants now represent, the same emails show that—given the unique scheduling constraints at issue—it always was contemplated that final contentions would need to be served before the hearing in order to make the overall schedule work. And as explained, the scheduling necessities that had forced all parties into the inefficient and irregular circumstance of having to serve final contentions prior to having the benefit of this Court's claim construction order no longer exists.

There also is no merit to Defendants' attempt to justify their request as being born of a desire for an in-person hearing. Just a few weeks ago, Defendants had no issue with this Court hearing argument on their summary judgment and Daubert motions telephonically. Yet now they contend an in-person hearing is required to address five terms from a single patent. Also disingenuous is Defendants' argument that their request is supported by purported deficiencies in Plaintiffs' preliminary infringement contentions—an issue Defendants raised for the first time two days ago in an apparent attempt to gin up some justification to move the *Markman* hearing date. And Plaintiffs frankly do not understand how Defendants would be prejudiced by allowing Plaintiffs to "tailor [their] infringement theory to the Court's claim construction order." That is the entire reason that the Court issues a claim construction order: to guide the parties' theories.

In short, at best, Defendants' request to delay the *Markman* hearing is wasteful and inefficient and serves no purpose. At worst, it is a blatant attempt to use the COVID-19 crisis to manipulate the schedule to improve Defendants' litigation position. Either way, the Court should

reject Defendants' request and decline to move the current *Markman* hearing date.

**Defendants' Position:**  Defendants request the *Markman* hearing also be extended a similar amount of time with the hope that the Court will be allowed to conduct in-person hearings by late August/early September.  Defendants believe the Court would benefit from an in person *Markman* hearing, particularly in this case, where highly technical subject matter is at issue and the *Markman* hearing will require participation from multiple law firms and parties across four separate cases.

Plaintiffs contend that Defendants' preference to have an in-person *Markman* hearing has "no merit" because the HTC and Motorola / Lenovo Defendants' (C.A. Nos. 17-cv-83 and -84) were willing to proceed telephonically with its hearing on summary judgment and *Daubert* hearings last month.  Plaintiffs' argument is flawed, and its suggestion that Defendants are "attempt[ing] to use the COVID-19 crisis to manipulate the schedule to improve Defendants' litigation position" is baseless.  Surely, Plaintiffs should acknowledge that there are benefits to conducting hearings in-person to the extent feasible and that having to conduct telephonic hearings involving multiple parties and attorneys can introduce logistical and technical challenges.  The Defendants decided to proceed with a telephonic hearing because, while not preferred, they believed it the better option over waiting indefinitely for the opportunity to have an in-person hearing and delaying adjudication of its pending motions which had already been fully briefed and for which Defendants were already preparing for oral argument.  That decision – contrary to what KPN purportedly suggests – is not an indication to conduct a telephonic instead of an in-person hearing.  In this situation, as Plaintiffs have requested that the deadlines in the case be extended, similarly moving the *Markman* hearing may increase the likelihood of being able to conduct an in-person hearing and also maintain the order of deadlines in the existing schedule.

KPN's proposal of moving its infringement contentions date to August, but not similarly

moving the *Markman* hearing, effectively eviscerates a carefully negotiated point under the current schedule.  When negotiating the current schedule, the parties were at odds about the timing of the *Markman* hearing – Defendants wanted a later hearing date in August, as the Court allowed.  See Dec. 9, 2019 Tr. at 30:11-18 ("I'm going to leave it to all of you to talk about when the claim construction of the '662 should happen, but I could see it being put off until broadly sometime this summer, meaning the *Markman* hearing I could easily see being sometime between June and August, and then you could move fairly quickly thereafter through expert discovery in a brief amount of time; and I will move quickly, if I need to, on any motions arising thereafter on the '662.").

The communications between the parties that KPN cites support Defendants' point. Defendants' proposals in those communications show that they insisted KPN's final infringement contentions be due prior to the *Markman* hearing.  An August hearing date was proposed during a meet and confer, but once it became clear that KPN would not agree to such a late hearing date, Defendants proposed a schedule where KPN's final infringement contentions be due prior to the *Markman* hearing.

Defendants negotiated such a schedule, because with KPN's final infringement contentions in hand, Defendants could address, and the Court could consider, at the *Markman* hearing the particular nuanced issues that matter for KPN's infringement theory, as set forth in KPN's final infringement contentions.  Defendants and the Court are entitled to understand KPN's infringement theory through the required disclosures in the schedule.  To the extent KPN seeks to change its infringement theory in view of the Court's claim construction order, the parties and the Court may address the appropriateness of such proposed changes if needed at that time.

Furthermore, there is no prejudice to KPN if the hearing is moved to late August, as opening

9

expert reports would not be due until late September and expert discovery would not be complete until December 11, 2020.  In fact, Defendants would suffer prejudice if the *Markman* hearing is not moved, as it would allow KPN to tailor its infringement theory to the Court's claim construction order, which is exactly what the current negotiated schedule sought to avoid.  Defendants have already identified deficiencies in KPN's preliminary infringement contentions, and notified KPN as such, for failing to provide *reasonable* notice of infringement under District of Delaware standards.

Fundamentally, it is KPN, not Defendants, who are seeking to modify the case schedule.  It is incumbent upon them to do so in a mutually acceptable manner – not one that flips the order of two important dates where sequence maters.  KPN has yet to articulate a principled reason for extending all case deadline, but leaving the *Markman* hearing as is.  If the Court grants KPN's requested extension, Defendants request the Court also move the *Markman* hearing to after KPN's final infringement contentions to preserve the parties' negotiated points under the current schedule, and to hopefully present *Markman* arguments in person to the Court. [5]

### 3. Plaintiffs Are Not Requesting Any Extension of the BlackBerry Schedule.

Plaintiffs wish to make clear that they are <u>not</u> requesting that the Court extend the current schedule as to Defendants BlackBerry Limited and BlackBerry Corporation in C.A. No. 17-cv-82.  Unlike each of the other cases, <u>the BlackBerry matter does not concern U.S. Patent 6,212,662</u>. As a result, there is no need to extend the schedule in that matter. Further, the Court already stated in ¶ 24 of its January 3, 2020 Scheduling Order in the above identified matters that, "[g]iven the relative state of the cases, it is likely that BlackBerry's trial will be the first trial."

---

[5] Sierra, which is differently situated from the other Defendants (as the only remaining one-patent defendant), has no objection to going forward with the hearing telephonically, on the current time frame, if that is the Court's preference.

For the Court's convenience, the remaining deadlines in the BlackBerry matter are set forth below (D.I. 246 in 17-cv-82).

| Event | Deadline |
|---|---|
| **DEADLINE** to File Joint Pre-Trial Order | December 14 |
| **PRE-TRIAL CONFERENCE** | December 21 @ 4:00 pm |
| **TRIAL** | January 11, 2021 |

4.  **HTC and Motorola / Lenovo Intend to Move for Severance.**

    **Defendants' Position:** While the HTC and Motorola / Lenovo Defendants (C.A. Nos. 17-cv-83 and 17-cv-84 respectively) do not oppose Plaintiffs' requested extension for deadlines as to the '662 Patent, they believe that the deadlines above with respect to the three patents owned by Plaintiff 3G Licensing S.A. that are asserted against BlackBerry and also asserted against HTC and Motorola / Lenovo should remain aligned with any schedule in the C.A. No. 17-cv-82 case. Specifically, if the Court is going to hold a pre-trial conference relating to those three patents in the BlackBerry case, then the issues relating to those three patents in the HTC and Motorola / Lenovo cases should be addressed at the same time.  This will promote judicial efficiency and preserve party resources, as there is no reason to separate the Joint Pre-Trial Order and Pre-Trial Conference deadlines for issues pertaining to 3G Licensing and its three patents.[6]

    The HTC and Motorola / Lenovo Defendants defer to the Court in how to maintain this alignment – one option is to sever the '662 Patent and KPN portions of those cases now, keeping

---

[6] The HTC and Motorola / Lenovo Defendants will be moving to sever the 3G Licensing Patents (*i.e.,* the ones that overlap with the BlackBerry case) from KPN and the '662 Patent and believe Plaintiffs' request to extend the deadlines for the '662 Patent further supports that request.  The HTC and Motorola / Lenovo Defendants understand that Plaintiffs still oppose the requested severance, notwithstanding their request to extend the '662 Patent deadlines.

the '662 Patent's deadlines with the schedule proposed in this Motion, such that the 3G Licensing Patents and its pre-trial deadlines may remain aligned with the schedule in the BlackBerry case. Another option would be to extend the deadlines in the BlackBerry case as well so that the pre-trial deadlines for the '662 Patent are the same as the 3G Licensing Patents across all cases. Either way, the HTC and Motorola / Lenovo Defendants maintain that KPN's claims relating to the '662 Patent should be tried separately from 3G Licensing's claims on the other three patents, which contrary to the Plaintiffs' suggestion below, the Court did not reject during the December 9, 2019 Hearing. Tr. at 15:21-16:4 ("That said, there may be other bases to sever for trial; and I'm not, I'm not meaning to indicate that I'm depriving anyone of the right to file such a motion to sever for purposes of trial, and there may be some other nonscheduled bases for severance. I'm not saying I'm precluding anyone from filing such a motion, but the possibility of such a motion is not going to stop me from entering a schedule that gets this case ready for trial on all the patents by January 2021."). Respectfully, Defendants understood the Court's discussion on this issue to be that the Court was unwilling to sever the '662 Patent into its own separate case to have a schedule that did not have it ready for trial under the same timeline as the 3G Licensing Patents. The issue of severance for trial is a separate issue and what the HTC and Motorola / Lenovo Defendants maintain is appropriate.

      **Plaintiffs' Position:** As Plaintiffs have told Defendants, they disagree that the matters should be severed. Prior to the current COVID-19 crisis, this Court rejected Defendants' similar request to sever the patents into separate trials—stating: "The '662 patent in my view can, and should be, kept in all of these cases. I'm not interested in severing and creating a whole new case." December 9, 2019 Hearing Tr. at 8:23-25; *id.* at 15:21-16:4 (telling Defendants they could file a formal motion to sever if they thought they had a basis for doing so).

And given the COVID-19 crisis, Plaintiffs expect that judicial resources will be stretched thinner than normal once the Court resumes in-person proceedings. Thus, even setting aside the distastefulness of Defendants' attempt to use the COVID-19 situation to try to force the very severance that this Court previously rejected, in the interest of current (and expected) judicial economy, the Court should reject Defendants' request to double the number of trials that will need to occur in these matters (and the number of juries that will need to sit for them).

Further, there is no reason to sever the matters simply to maintain a common pre-trial conference with BlackBerry. Unlike in these cases, there is nothing left to do in the BlackBerry matter except prepare for trial. As such, there is no reason that matter should not proceed separately at this point. In contrast, Defendants' severance request would result in the Court being required to hold at least two pre-trial conferences just for HTC and Lenovo / Motorola. In short, even ignoring the more onerous separate trial burden that Defendants seek to impose, Defendants' position would increase the amount of time the Court would need to set aside for those matters. The Court should exercise its ample discretion and reject Defendants' attempt to force it to do so.

*       *       *

As required by Delaware Local Rule 16.4, undersigned counsel for each Party certifies that it has provided a copy of this motion to their respective client(s) and obtained its and/or their consent to this request.

Dated: May 14, 2020                          Respectfully submitted,

FARNAN LLP                                   SHAW KELLER LLP

/s/ Michael J. Farnan                        /s/ Nathan R. Hoeschen
Brian E. Farnan (Bar No. 4089)               John W. Shaw (No. 3362)
Michael J. Farnan (Bar No. 5165)             Nathan R. Hoeschen (No. 6232)
919 N. Market St., 12th Floor                I.M. Pei Building
Wilmington, DE 19801                         1105 North Market Street, 12th Floor
Tel: (302) 777-0300                          Wilmington, DE 19801

Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Anthony D. Raucci (# 5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
araucci@mnat.com

*Attorneys for Defendants Lenovo Holding Co.,*
*Inc., Lenovo (United States) Inc., and*
*Motorola Mobility LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ Jeremy A. Tigan
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendants Sierra Wireless, Inc.,*
*and Sierra Wireless America, Inc.*

(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant HTC Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ Rodger D. Smith
Rodger D. Smith (#3778)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 351-9205
rsmith@mnat.com

*Attorneys for Defendants LG Electronics Inc.,*
*and LG Electronics U.S.A., Inc.*

SO ORDERED this _____ day of _____, 2020

_____
The Honorable Chief Judge Leonard P. Stark

14